**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Pete GOMEZ, Defendant–**
**Appellant.**

No. 05–30437.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Jan. 24, 2007.

James P. Hagarty, Esq., Robert A. Ellis, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

* This disposition is not appropriate for publication and is not precedent except as provided

Dan B. Johnson, Esq., Dan B. Johnson, P.S., Spokane, WA, for Defendant–Appellant.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

### MEMORANDUM *

Robert Pete Gomez ("Gomez") appeals his conviction for possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We reverse and remand.

Gomez alleges that the district court committed reversible error when it excused an original juror and impaneled an alternate without: (1) determining whether deliberations had begun; (2) allowing Gomez's counsel an opportunity to question the juror about her motives for seeking dismissal; (3) questioning the juror about whether she was seeking dismissal because she felt pressure from other jurors to conform to a particular view of the case; (4) determining whether the alternate juror had discussed the case with anyone prior to being impaneled; and (5) instructing the jury to begin deliberations anew once the original juror had been replaced. We agree and reverse Gomez's conviction.

Under Federal Rule of Criminal Procedure 24(c)(3), a trial court must "ensure that a retained alternate does not discuss the case with anyone until that alternate replaces a juror or is discharged," and "[i]f an alternate replaces a

by Ninth Cir. R. 36–3.

juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew." Because the court failed to instruct the jury to begin deliberations anew, and because the court did not ensure that the alternate juror had refrained from discussing the case with anyone prior to being impaneled, the court violated both requirements of Rule 24(c)(3).[1] Additionally, the court violated Gomez's Sixth Amendment rights because his counsel was "totally absent" from the hearing in which the original juror was questioned, hence, he was "prevented from assisting the accused during a critical stage of the proceeding." *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Although Gomez does not point to specific facts demonstrating that the trial court's actions prejudiced his case, that is not a responsibility Gomez rightfully bears. It is clear that when a defendant has made a timely objection to an error, as Gomez did here, *the government bears the burden* of proving that the error was not prejudicial. *See* Fed.R.Crim.P. 52(a); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Beard*, 161 F.3d 1190, 1194–95 (9th Cir.1998). The government has failed to meet its burden. Accordingly, we must reverse Gomez's conviction. *Olano*, 507 U.S. at 734, 113 S.Ct. 1770.

Gomez also asserts that the district court erred in refusing to give a "mere presence" jury instruction when the government's case was based primarily on his presence in a car in which the firearm was found. Because we reverse Gomez's conviction on other grounds, we do not reach this issue. However, should Gomez be retried, the trial court ought to consider Gomez's theory of the case in determining whether to give a "mere presence" instruction.[2]

**REVERSED AND REMAND.**

---

1. It is not entirely clear what occurred in the jury room prior to the original juror seeking dismissal, but circumstances suggest the jury had already begun deliberating. Indeed, the court itself intimated that deliberations had begun, stating that the jurors would not "deliberate further," and that they would return the next day to "go forward with their deliberations." In any event, the lack of sufficient record on this issue is not attributable to Gomez. As explained herein, because his counsel was not afforded an opportunity to question the original juror, Gomez was not given the opportunity to create a record on this issue.

2. In light of our disposition, we need not reach Gomez's argument that his sentence violated his Fifth and Sixth Amendment rights because the Armed Career Criminal Act enhancement was based on prior convictions not charged in the indictment or proved to a jury beyond a reasonable doubt. Nor need we decide whether his 1996 residential burglary conviction qualifies as a "violent felony" under 18 U.S.C. § 924(e).